UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OPTIMUS HOSPITALISTS & PEDIATRIC SUBSPECIALISTS, LTD d/b/a MIDWEST NEOPED ASSOCIATES, LTD., an Illinois limited company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 16 cv 07760 |
| FRANCISCAN ALLIANCE, INC. d/b/a FRANCISCAN ST. JAMES HEALTH f/k/a SISTERS OF ST. FRANCIS HEALTH SERVICES, INC. d/b/a ST. JAMES HOSPITAL AND HEALTH CENTERS, an Indiana corporation, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO COUNTERCLAIM

NOW COMES, the Plaintiff/Counter-Defendant OPTIMUS HOSPITALISTS & PEDIATRIC SUBSPECIALISTS, LTD d/b/a MIDWEST NEOPED ASSOCIATES, LTD., an Illinois company ("Optimus") by and through its attorneys Robert M. Winter and Teresa A. Minnich of Robbins Salomon & Patt, Ltd., for its Answer to the Counterclaim filed by Defendant/Counter-Plaintiff FRANCISCAN ALLIANCE, INC. d/b/a FRANCISCAN ST. JAMES HEALTH f/k/a SISTERS OF ST. FRANCIS HEALTH SERVICES, INC. d/b/a ST. JAMES HOSPITAL AND HEALTH CENTERS, an Indiana corporation ("Franciscan Alliance"), states as follows:

1. Optimus Hospitalists & Pediatric Subspecialists, Ltd. d/b/a Midwest Neoped Associates, Ltd. And Sisters of St. Francis Health Services, Inc. entered into a Professional Services Agreement on January 1, 2011, which was set to expire on December 31, 2013, subject to an automatic renewal term of 3 years if not terminated. *See* Original PSA Agreement, Attached as Exhibit 1.

**ANSWER:** Optimus admits that it entered into a Professional Services Agreement (the "PSA") with Defendant/Counter-Plaintiff Franciscan Alliance on January 1, 2011 and admits that the PSA was set to expire on December 31, 2013, subject to an automatic renewal term if not terminated. Optimus denies that the automatic renewal term was for a period of three (3) years.

2. The original PSA agreement was amended and replaced by the Amended Agreement on February 28, 2013, but the termination date of December 31, 2013, was not altered. *See* Amended Agreement, attached to Plaintiff's Complaint, DKT #1, Attachment #1.

**ANSWER:** Optimus admits that the PSA was amended by the Amended Agreement, effective February 28, 2013, but denies that the Amended Agreement "replaced" the PSA. Optimus admits that the termination date of December 31, 2013, if not renewed, was not altered. Further answering, Optimus states that the automatic renewal term also was not altered.

3. Under the amended agreement Optimus was obligated to perform certain medical services detailed in the agreement, and would be compensated as detailed in the agreement, for as long as the agreement was in effect, which was defined as up to an including December 31, 2013. *See* Amended Agreement, attached to Plaintiff's Complaint, DKT #1, Attachment #1.

**ANSWER:** Optimus denies that the effective term of the Amended Agreement was defined as up to and including December 31, 2013. Further answering, Optimus states that the term of the Amended Agreement terminated on December 31, 2013, subject to an automatic two year renewal unless sooner terminated by 120-days written notice. Optimus admits the remaining allegations contained in paragraph 3 of the Counterclaim.

### COUNT I-BREACH OF CONTRACT/UNJUST ENRICHMENT

4. Optimus did not provide the services it was obligated to provide under the amended agreement from December 23, 2013, through and including December 31, 2013.

**ANSWER:** Optimus denies the allegations contained in paragraph 4 of the Counterclaim.

5. Optimus was paid approximately $23, 521.51 by Franciscan Alliance, Inc. for services Optimus never provided from December 23, 2013, through and including December 31, 2013.

**ANSWER: Optimus denies the allegations contained in paragraph 5 of the Counterclaim.**

6. Franciscan Alliance was forced to expend certain sums of money to obtain the services Optimus failed to provide from December 23, 2013, through and including December 31, 2013.

**ANSWER: Optimus denies the allegations contained din paragraph 6 of the Counterclaim.**

7. Optimus was unjustly enriched for services it never provided from December 23 2013, through and including December 31, 2013.

**ANSWER: Optimus denies the allegations contained in paragraph 7 of the Counterclaim.**

WHEREFORE, Plaintiff/Counter-Defendant OPTIMUS HOSPITALIST & PEDIATRIC SUBSPECIALISTS, LTD. d/b/a MIDWEST NEOPED ASSOCIATES, LTD., denies that Defendant/Counter-Defendant FRANCISCAN ALLIANCE, INC. is entitled to judgment against it in any amount whatsoever, or to any other additional relief.

> Respectfully submitted,
> **Optimus Hospitalists & Pediatric Subspecialists, Ltd.**
>
> By: /s/ Teresa A. Minnich
>     One of Its Attorneys

Robert McKenna Winter (3122228)
Teresa A. Minnich (6299526)
Robbins Salomon & Patt, Ltd.
180 N. LaSalle St., Ste. 3300
Chicago, Illinois 60601
T: (312) 782-9000
F: (312) 782-6690
E-mail: rwinter@rsplaw.com
        tminnich@rsplaw.com

**CERTIFICATE OF SERVICE**

  I, Teresa Minnich, an attorney, certify that I caused a copy of the foregoing document to be served upon the following counsel of record via electronic service on this 21st day of October, 2016.

To: Bradford Roth
   Daniel J. Broderick, Jr.
   Cassiday Schade LLP
   20 North Wacker Dr. Ste. 1000
   Chicago, IL 60606
   broth@cassiday.com
   dbroderick@cassiday.com


            By:  /S/ Teresa A. Minnich
                Attorney for Plaintiff

Teresa A. Minnich (3122228)
Robert McKenna Winter (6299526)
ROBBINS, SALOMON & PATT, P.C.
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601
Tel: 312.456.0292
Fax: 312.782.6690
tminnich@rsplaw.com
rwinter@rsplaw.com